1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | Civil Action No. 2:22-cv-524 |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** |
| v. | |
| PELMIR ENTERPRISE INC. d/b/a MONSTER DOLLAR, a Washington corporation, | |
| Defendant. | |

KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Ave, Suite 2500, Seattle, WA 98104
(206) 405-2000

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") hereby complains of Defendant Pelmir Enterprise Inc. d/b/a Monster Dollar ("Defendant"), and alleges as follows:

## I. JURISDICTION AND VENUE

1.      This is an action for 1) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a), 2) trademark infringement under 15 U.S.C. § 1114, 3) Washington statutory unfair competition, and 4) Washington common-law unfair competition.

2.      The Court has original subject matter jurisdiction over the claims that relate to trademark infringement, trade dress infringement, and false designation of origin, pursuant to 15 U.S.C. §§ 1116 and/or 1121(a), and pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and has a continuous, systematic, and substantial presence within this Judicial District and within Washington.  Defendant sells, advertises, markets, and promotes its goods and services in Washington, including in this Judicial District.  Defendant operates a retail store in this Judicial District under the mark MONSTER DOLLAR and markets and advertises its goods and services online in connection with the infringing mark through the URLs https://www.monsterdollar.net/ and https://facebook.com/monsterdollar.net/, which are available and accessible in Washington. In addition, by committing acts of trademark infringement, trade dress infringement, false designation of origin, and unfair competition, in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Monster's claims.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District by virtue of being organized under the laws of the State of Washington, being subject to personal jurisdiction within the Judicial

District, and a substantial portion of the events complained of herein having taken place in this Judicial District.

## II. **THE PARTIES**

5.      Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

6.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Washington, having a principal place of business at 33720 9th Ave S, Suite 7, Federal Way, WA, 98003-6735.

## III. **COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

### A.      **Monster and Its Trademarks and Trade Dress**

7.      Monster is a nationwide leader in the business of developing, marketing, selling, and distributing beverages.  Monster has achieved extensive exposure and widespread recognition of its MONSTER™ brand through its sponsorship of sports, athletes, and teams, among other sponsorships.  In addition to its numerous trademark registrations for beverages, Monster owns trademark registrations for its MONSTER marks for a variety of other goods, including, clothing, sports gear, bags, and beverageware, among many other goods and services.

8.      In 2002, long before Defendant's acts described herein, Monster launched its MONSTER ENERGY® drink brand, bearing its now-famous MONSTER mark and MONSTER ENERGY® mark.

9.      Monster's successful line of MONSTER drinks has grown to include numerous other well-known products, the containers and packaging of which are prominently marked with the MONSTER mark (referred to collectively as "MONSTER line of drinks").

10.      Monster is also the owner of numerous trademark registrations for marks that incorporate its famous MONSTER and/or MONSTER ENERGY® marks, for use in connection with beverages, nutritional supplements, clothing, bags, advertising services, and other products and services, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| **MØNSTER** | 6,451,182 | Non-alcoholic beverages, namely, soft drinks, energy drinks, sports drinks, and fruit juice drinks | 12/13/2017 | 8/17/2021 |
| MONSTER ENERGY | 5,661,940 | Stickers; sticker kits comprising stickers and decals; decals; posters; calendars; money clips; blackboards; temporary tattoo transfers; pens; writing utensils; advertising signs of cardboard and paper | 10/19/2016 | 1/22/2019 |
| MONSTER ARMY | 5,551,192 | Clothing, namely, tops, shirts, t-shirts, hooded shirts, sweat shirts, and jackets<br><br>Providing a web site featuring entertainment information and news on athletes; organizing and conducting educational programs and activities in the nature of classes, workshops, and sports competitions for athletes in the field of athlete development; athlete development program, namely, athlete training and mentoring in the field of wake, ski, surf, snowboard, motocross, mountain bike, BMX, and skate | 11/16/2015 | 4/28/2018 |
| MONSTER ENERGY | 3,044,315 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 5/23/2003 | 1/17/2006 |
| MONSTER ENERGY | 4,036,680 | Nutritional supplements in liquid form | 9/11/2007 | 10/11/2011 |
| MONSTER ENERGY | 5,114,854 | Restaurant services; bar services | 12/2/2013 | 1/3/2017 |
| MONSTER ENERGY | 4,721,433 | Promoting goods and services in the sports, motorsports, electronic sports, and music industries through | 3/12/2014 | 4/14/2015 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others | | |
| MONSTER ENERGY | 5,820,689 | Sport helmets; video recordings featuring sports, extreme sports and motor sports; downloadable software for mobile devices for playing games; downloadable electronic game software for use on mobile devices; downloadable game software; downloadable interactive game programs; downloadable video game software and programs<br><br>Beverageware; insulated beverage containers for domestic use; bottles, sold empty; drinking bottles for sports; water bottles sold empty; bottle openers<br><br>Lanyards; lanyards for holding whistles, keys, badges, identification cards, event passes, media passes, photographs, recording equipment, or similar conveniences; tents<br><br>Towels; blankets for outdoor use<br><br>Clothing, namely, Tops, shirts, t-shirts, sweat shirts, jackets, bottoms, pants, bandanas, sweat bands, gloves; headwear; hats; beanies<br><br>Toy cars; remote control toys, | 1/15/2019 | 7/30/2019 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
| | | namely, cars; cornhole game sets; cornhole game boards; cornhole bags; surf boards; skate boards; snowboards; golf bags | | |
| MONSTER REHAB | 4,129,288 | Nutritional supplements in liquid form<br><br>Beverages, namely, non-alcoholic non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf-stable; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 7/6/2010 | 4/17/2012 |
| MONSTER REHAB | 4,111,964 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages | 8/24/2011 | 3/13/2012 |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 9/11/2007 | 10/11/2011 |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 4/18/2002 | 2/7/2006 |
| MONSTER ASSAULT | 4,634,053 | Nutritional supplements in liquid form; vitamin fortified beverages | 11/15/2013 | 11/4/2014 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| JAVA MONSTER | 3,959,457 | Beverages, namely, soft drinks; non-carbonated energy drinks; non-carbonated sports drinks; soft drinks and non-carbonated energy drinks, all enhanced with vitamins, minerals, nutrients, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 12/8/2005 | 5/10/2011 |
| JAVA MONSTER | 5,689,189 | Bar services; café services; coffee bars; mobile restaurant services; restaurant services; mobile café services for providing food and drink | 5/8/2018 | 3/5/2019 |
| M MONSTER ENERGY | 3,044,314 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 5/23/2003 | 1/17/2006 |
| LO-CARB MONSTER ENERGY | 3,852,118 | Nutritional supplements<br><br>Non-alcoholic beverages, namely, energy drinks, drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 2/13/2009 | 9/28/2010 |
| M MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated | 5/7/2003 | 8/29/2006 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
| | | energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| MUSCLE MONSTER | 4,376,796 | Nutritional supplements in liquid form<br><br>Beverages, namely, soft drinks; non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 7/2/2010 | 7/30/2013 |
| MUSCLE MONSTER | 4,451,535 | Vitamin fortified beverages dairy-based beverages; dairy-based energy shakes; energy shakes; coffee energy shakes; chocolate energy shakes | 7/10/2013 | 12/17/2013 |
| JUICE MONSTER | 4,716,750 | Nutritional supplements in liquid form<br><br>Non-alcoholic beverages, namely, energy drinks and drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy | 2/24/2012 | 4/7/2015 |
| MONSTER ENERGY ULTRA | 5,281,559 | Nutritional supplements in liquid form<br><br>Non-alcoholic beverages, namely, carbonated soft drinks, carbonated energy drinks, sports drinks, and soft drinks; | 6/12/2014 | 9/5/2017 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | | |
| UBER-MONSTER | 4,234,456 | Nutritional supplements in liquid form; <br><br> Beverages, namely, carbonated soft drinks; nonalcoholic carbonated soft drinks and energy drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 7/9/2010 | 10/30/2012 |
|  | 3,923,683 | All purpose sport bags; all-purpose carrying bags; backpacks; duffle bags | 4/2/2009 | 2/22/2011 |
|  | 4,865,702 | Nutritional supplements in liquid form; <br><br> Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 2/2/2015 | 12/8/2015 |
|  | 5,570,782 | Sport helmets; video recordings featuring sports, extreme sports and motor sports <br><br> Watches <br><br> Stickers, sticker kits comprising stickers and decals; decals; posters; calendars | 5/17/2018 | 9/25/2018 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | All-purpose sport bags; all-purpose carrying bags; backpacks; duffel bags<br><br>Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts; sweat shirts, jackets, pants, bandanas, sweat bands, gloves and motorcycle gloves; headgear, namely, hats and beanies | | |

11.    Copies of the foregoing registrations are attached hereto as Exhibits 1–26. Collectively, the above registrations and trademarks, including all common law rights therein, are referred to as the "MONSTER Marks."

12.    Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,044,314, 3,044,315, 3,057,061, 3,134,842, 3,852,118, 3,959,457, 4,036,680, 4,036,681, 4,111,964, 4,129,288, 4,234,456, 4,376,796, 4,451,535, 4,634,053, 4,716,750, and 4,721,433 are incontestable.

13.    In addition, since 2002, Monster has consistently used a distinctive trade dress for its products, packaging, and promotional materials using the colors green, black, and/or white with the word "Monster" (the "MONSTER Trade Dress").  One example of Monster's use of the MONSTER Trade Dress is shown below:



14.     Long before Defendant's acts described herein, Monster has used or licensed the use of its MONSTER Marks and/or MONSTER Trade Dress in connection with a wide-variety of products and services, including bags, towels, blankets, sporting equipment, clothing, clothing accessories, gloves, helmets, stickers and decals, headgear, wristbands, retail services, restaurant services, advertising, and promotion of goods and services in the sports and fitness industries, as well as many other goods and services.  Some examples of products bearing Monster's MONSTER Marks and MONSTER Trade Dress are shown below:









15.     There is a high demand for merchandise bearing Monster's MONSTER Marks and MONSTER Trade Dress.  Monster has entered into license agreements with several manufacturers, giving them a license to produce and sell products that bear Monster's MONSTER Marks and MONSTER Trade Dress.  In the United States, Monster's licensees have sold licensed goods bearing Monster's MONSTER Marks and MONSTER Trade Dress to consumers in all 50 states through their own websites and through nationwide retailers.  These licensees also sell the licensed products bearing the MONSTER Marks and MONSTER Trade Dress throughout the world including on websites, in retail stores, and at sporting events.

16.     Monster's MONSTER Marks and MONSTER Trade Dress are the subject of substantial and continuous marketing and promotion by Monster.  Since 2002, Monster has spent over $9.8 billion dollars in advertising, promoting, and marketing its MONSTER brand and MONSTER Trade Dress.

17.     Monster's marketing includes, among other things, sponsorship and promotion of athletes, music festivals, sports events, and other live events that are televised nationwide and internationally and that prominently feature the MONSTER Marks.

18.     Monster's MONSTER line of drinks has achieved substantial commercial success.  Since 2002, Monster has sold more than 40 billion cans of its MONSTER drinks worldwide, which has totaled over $88 billion in estimated retail revenue.  While Monster continues to expand its successful MONSTER line of drinks, Monster's best-selling drink is still the original Monster Energy® drink, which prominently features the colors green, black, and white.

19.     As a result of Monster's substantial use and promotion of its MONSTER Marks and MONSTER Trade Dress, the marks and trade dress have acquired great value as specific identifiers of Monster's products and services and serve to identify and distinguish Monster's MONSTER products and services from those of others.  Customers in this Judicial District and elsewhere readily recognize Monster's MONSTER Marks and MONSTER Trade Dress as distinctive designations of the origin of Monster's MONSTER brand of products, services and promotional items.  The MONSTER Marks and MONSTER Trade Dress are intellectual property assets of enormous value as symbols of Monster and its quality products, services, reputation, and goodwill.

**B.      Defendant's Infringing Activities**

20.     Defendant is engaged in the business of operating a retail store under the name MONSTER DOLLAR that sells a variety of goods and services.  Defendant also owns and operates the website https://www.monsterdollar.net/, and maintains a social media profile at https://facebook.com/monsterdollar.net/.

21.     As shown in the image below of Defendant's retail store sign, Defendant displays the MONSTER DOLLAR mark in the color green against a white background:



22.     As shown above, Defendant's trademark and trade dress are confusingly similar to Monster's MONSTER Marks and MONSTER Trade Dress.  Defendant prominently uses the term MONSTER as the first and dominant portion of Defendant's mark.  Defendant also uses the colors green and white, which Monster has used since 2002 in connection with its MONSTER Marks.

23.     On August 19, 2020, Defendant filed U.S. Application Serial No. 90/122,773 (the "'733 Application") for the mark "MONSTER DOLLAR" in connection with "gloves; hats; pants; shirts; socks; cap visors; polo shirts" in Class 25.

24.     On May 18, 2021, Monster filed an opposition with the Trademark Trial and Appeal Board (the "Board") opposing registration of the MONSTER DOLLAR mark based on likelihood of confusion with Monster's trademark registrations and common law rights.

25.     On August 17, 2021, having received no response from Defendant, the Board entered judgement in favor of Monster.

26.     Defendant continued its infringing actions after the Board entered judgment in favor of Monster.  On September 22, 2021, Monster sent a letter demanding that Defendant cease its infringing actions.  Defendant did not respond to Monster's letter.  On October 14, 2021, Monster sent a follow up letter, which again went unanswered by Defendant.

27.     On January 24, 2022, Monster hand delivered yet another follow up letter with a courtesy copy of a drafted complaint, to Defendant's store manager, Jarell Chavez.  The letter

advised that Monster would proceed with filing the complaint unless Defendant ceased its infringing activities. Mr. Chavez reviewed the letter and complaint, advised he understood the reason for the letter, confirmed there were similarities between Defendant's MONSTER DOLLAR mark and Monster's MONSTER Marks, and agreed to change the color of the MONSTER DOLLAR sign.

28. On March 3, 2022, Monster made a follow up visit to Defendant's physical location and noted that no changes were made to the signage, despite Defendant's representation that the sign would be changed.

29. Thus, Defendant has been aware of Monster's MONSTER Marks and MONSTER Trade Dress since at least as early as May 18, 2021, when Monster filed its Notice of Opposition. Despite having actual knowledge of Monster's MONSTER Marks and MONSTER Trade Dress, as further evidenced by the above-referenced communications with Monster, Defendant has refused to cease its infringing conduct.

30. Without permission or consent from Monster, Defendant has infringed Monster's MONSTER Marks and MONSTER Trade Dress in interstate commerce by promoting, advertising, selling, and/or offering to sell various products and services using the MONSTER DOLLAR mark.

31. Upon information and belief, Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendant's products and services and are intended to cause consumers and potential customers to believe that Defendant's business, and the goods and services that Defendant offers, are associated with Monster or Monster's family of products when they are not.

32. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source, origin or relationship of Monster and Defendant or Monster's and Defendant's goods and services by, using the MONSTER DOLLAR mark, including in the colors green and white as shown above.

33.     Upon information and belief, Defendant's acts complained of herein are willful and deliberate.

34.     Defendant's acts complained of herein have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

35.     Defendant's acts complained of herein have caused Monster to suffer irreparable injury to its business.  Monster will suffer substantial loss of goodwill and reputation, as well as a loss of control of its trademarks and trade dress unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## IV.  <u>FIRST CLAIM FOR RELIEF</u>

### (Trademark Infringement, Trade Dress Infringement, and False Designation of Origin Under 15 U.S.C. § 1125(a))

36.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-35 of this Complaint as though fully set forth herein.

37.     This is an action for trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

38.     As a result of the widespread use and promotion of Monster's MONSTER Marks and MONSTER Trade Dress, the marks and trade dress have acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the MONSTER Marks and MONSTER Trade Dress with Monster.

39.     Defendant has infringed Monster's MONSTER Marks and MONSTER Trade Dress, and created a false designation of origin, by using in commerce, without Monster's permission, the confusingly similar MONSTER DOLLAR mark, including in the colors green and white, in connection with the advertisement, offering for sale, and/or sale of Defendant's goods and services.

40.     Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Monster with Defendant, and/or as to the origin,

sponsorship, or approval of Defendant's products or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

41.    Upon information and belief, Defendant did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products and services are associated with, sponsored by or approved by Monster, when they are not.

42.    Upon information and belief, Defendant had actual knowledge of Monster's ownership and prior use of the MONSTER Marks and MONSTER Trade Dress, and without the consent of Monster, willfully violated 15 U.S.C. § 1125(a).

43.    Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

44.    Defendant, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## V.  <u>SECOND CLAIM FOR RELIEF</u>

### (Trademark Infringement Under 15 U.S.C. § 1114)

45.    Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-44 of this Complaint as though fully set forth herein.

46.    This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

47.    Monster owns valid and enforceable federally registered trademarks for the MONSTER Marks, including at least the registrations listed in Paragraph 10 above.

48.    Defendant has used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's MONSTER Marks that are the subject of one or more of the registrations listed in Paragraph 10 above.

49.    The activities of Defendant complained of herein constitute willful and intentional infringements of Monster's registered marks, and Defendant did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products and services are

associated with, sponsored by, originated from, or are approved by, Monster, when they are not.

50.     Upon information and belief, Defendant had actual knowledge of Monster's ownership and prior use of the MONSTER Marks, and had actual knowledge that Defendant's actions constituted infringement of Monster's MONSTER Marks, and have willfully violated 15 U.S.C. § 1114.

51.     Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

52.     Defendant, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

### (Unfair Competition Under Wash. Rev. Code Ann. § 19.86.020)

53.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-52 of this Complaint as though fully set forth herein.

54.     This is a claim for unfair competition arising under Wash. Rev. Code Ann. § 19.86.020.

55.     By virtue of the actions of Defendant complained of herein, Defendant has competed unfairly with Monster.

56.     Upon information and belief, Defendant's actions have been willful and deliberate.

57.     Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

58.     Defendant, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VII.  <u>FOURTH CLAIM FOR RELIEF</u>

### **(Unfair Competition Under Washington Common Law)**

59.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

60.     This is a claim for unfair competition arising under the common law of the State of Washington.

61.     By virtue of the actions of Defendant complained of herein, Defendant has competed unfairly with Monster.

62.     Upon information and belief, Defendant's actions have been willful and deliberate.

63.     Defendant, by its actions, has damaged Monster in an amount to be determined at trial.

64.     Defendant, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VIII.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Monster prays for judgment against Defendant as follows:

1.     That the Court render a final judgment in favor of Monster and against Defendant on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the MONSTER Marks and MONSTER Trade Dress by using a false designation of origin, through the marketing, sale and promotion of Defendant's products;

3.     That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Monster's federally registered trademarks;

4.     That the Court render a final judgment that Defendant has competed unfairly with Monster in violation of Wash. Rev. Code Ann. § 19.86.020;

5.      That the Court render a final judgment that Defendant has competed unfairly with Monster in violation of Washington common law;

6.      That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

   a.      using the mark MONSTER DOLLAR in connection with the advertisement, promotion, or sale of any goods and services, or using any of the MONSTER Marks or MONSTER Trade Dress in connection with the advertisement, promotion, or sale of any goods or services, and/or using confusingly similar variations of any of the MONSTER Marks or MONSTER Trade Dress in any manner that is likely to create the impression that Defendant's products or services originate from Monster, are endorsed by Monster, or are connected in any way with Monster;

   b.      manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized products bearing any of the MONSTER Marks or MONSTER Trade Dress, and/or any confusingly similar marks or trade dress, including the MONSTER DOLLAR mark;

   c.      filing any applications or continuing to pursue any applications for registration of the MONSTER DOLLAR mark or any other trademarks, trade dress, or designs confusingly similar to the MONSTER Marks or MONSTER Trade Dress;

   d.      otherwise infringing any of the MONSTER Marks or any of Monster's other trademarks, or Monster's MONSTER Trade Dress;

   e.      falsely designating the origin of Defendant's products;

   f.      causing a likelihood of confusion or injury to Monster's business reputation; and

   g.      unfairly competing with Monster in any manner;

7.      That Defendant be directed to file with this Court and serve on Monster within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

8.      That Defendant be required to account for and pay to Monster any and all profits derived by Defendant by virtue of Defendant's acts complained of herein;

9.      That Defendant be ordered to pay over to Monster all damages which Monster has sustained as a consequence of the acts complained of herein, subject to proof at trial;

10.     That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117 and the Washington Consumer Protection Act;

11.     That Defendant's actions be deemed willful;

12.     That Defendant be ordered to pay Monster pre-judgment and post-judgment interest;

13.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Monster pursuant to at least 15 U.S.C. § 1117 and the Washington Consumer Protection Act;

14.     That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing the MONSTER DOLLAR mark, or any confusingly similar marks or trade dress, pursuant to 15 U.S.C. § 1118; and

15.     That Monster be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  April 20, 2022          By: *s/ Carol Pitzel Cruz*

Steven J. Nataupsky (*Pro Hac Vice* pending)
steven.nataupsky@knobbe.com
Jacob R. Rosenbaum (*Pro Hac Vice* pending)
jacob.rosenbaum@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614

Phone: (949) 760-0404
Facsimile: (949) 760-9502

Carol Pitzel Cruz (# 41193)
carol.pitzel.cruz@knobbe.com
Nathan D. Reeves (# 50055)
nathan.reeves@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Ave. Ste. 2500
Seattle WA 98104
Phone: (206) 405-2000
Facsimile: (206) 405-2001

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

55278760