UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONSTER ENERGY COMPANY,<br><br>           Plaintiff,<br>     v.<br><br>PELMIR ENTERPRISE INC., d/b/a<br>MONSTER DOLLAR,<br><br>           Defendant. | CASE NO. 2:22-CV-00524-LK<br><br>ORDER DENYING MOTION FOR<br>ENTRY OF DEFAULT |

This matter comes before the Court on Plaintiff Monster Energy Company's Motion for Entry of Default Against Defendant Pelmir Enterprise Inc. Dkt. No. 24. The motion is denied without prejudice.

## I. BACKGROUND

Monster initiated this action against Pelmir in April 2022 for trademark infringement, trade dress infringement, false designation of origin, and unfair competition. Dkt. No. 1 at 16–19. It filed an affidavit of service, Dkt. No. 13, and eventually moved for an entry of default when Pelmir failed to appear or defend this action, Dkt. No. 14. The Clerk entered default against Pelmir. Dkt.

No. 15. Monster filed a motion for default judgment soon thereafter. Dkt. No. 16. The Court, however, denied that motion without prejudice because Monster's complaint failed to state a plausible claim against Pelmir. Dkt. No. 22 at 1, 6–14. And while the Court granted Monster leave to file an amended complaint, it made clear that Monster "may not move for default judgment on [the] amended complaint unless and until Pelmir fails to respond to a properly served amended complaint[.]" *Id.* at 13–14; *see also id.* at 15 ("If, after proper service of the amended complaint, Pelmir again defaults, Monster may then file a renewed motion for entry of default, followed by a renewed motion for default judgment.").

Monster filed an amended complaint in May 2023. Dkt. No. 23. It again asserts claims against Pelmir for trademark infringement, trade dress infringement, false designation of origin, and unfair competition. *Id.* at 20–23. After six months passed with no sign of Pelmir, Monster moved the Clerk for entry of default. Dkt. No. 24.

## II.   DISCUSSION

Local Civil Rule 55(a) requires an affidavit specifically showing that the defaulting party was served in a manner authorized by Federal Rule of Civil Procedure 4. In this case, counsel for Monster filed a declaration averring that "Plaintiff served Defendant via U.S. Mail" the same day the amended complaint was filed. Dkt. No. 24-1 at 2 (citing Dkt. No. 23 at 27). Monster's amended complaint includes a certificate of service from its process server attesting that a copy was served "on counsel for the defendant **VIA U.S. MAIL**" at the following addresses:

>   Pelmir Enterprise Inc. d/b/a Monster Dollar
>   33720 9th Ave S, Suite 7
>   Federal Way, WA 98003
>
>   Pelmir Enterprises Inc.
>   c/o James Chavez, registered agent
>   20203 91st Place South
>   Kent, WA 98031

ORDER DENYING MOTION FOR ENTRY OF DEFAULT - 2

1 | Dkt. No. 23 at 27. This is insufficient to effectuate proper service on Pelmir.

2 | Federal Rule of Civil Procedure 4 provides two methods of service on a domestic corporate entity. First, a plaintiff may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Washington law directs that personal service is effectuated on a corporation by delivering a copy of the summons "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." Wash. Rev. Code § 4.28.080(9); *see also id.* § 23.95.450(1) ("A represented entity may be served with any process, notice, or demand required or permitted by law by serving its registered agent."). As for Rule 4's second method of service on a corporation, a plaintiff may deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Thus, "[f]or purposes of Rule 4(h)(1)(B), service by mail to a general corporate address is not sufficient." *Harbord v. MTC Fin. Inc.*, No. 20-5080 RJB, 2020 WL 8991715, at *2 (W.D. Wash. May 8, 2020) (cleaned up).

Nothing in the record, Monster's motion, or counsel's supporting declaration demonstrates that it was permissible to serve Pelmir by regular mail. "If a represented entity ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office." Wash. Rev. Code §

23.95.450(2).[1] Monster has not shown that either of these predicate conditions is satisfied.[2] Public records confirm that James Chavez remains Pelmir's registered agent, i.e., Pelmir has not "cease[d] to have a registered agent." *See* Washington State Corporations and Charities Filing System, Search Results for Pelmir Enterprise Inc., https://ccfs.sos.wa.gov/#/Home; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a district court may take judicial notice of matters of public record). And Monster appears to have immediately resorted to service by mail without first making a reasonable effort to serve a copy of the summons and amended complaint on Mr. Chavez. *See, e.g.*, *Russell v. Wadot Cap., Inc.*, No. C22-0531-JLR, 2023 WL 4683906, at *2 (W.D. Wash. July 21, 2023) (plaintiff failed to comply with Section 23.95.450(2) when she mailed her complaint to the defendant corporation at its principal office; the declarations of her process servers did not support the conclusion that the corporation's registered agent "could not be served with reasonable diligence").

Monster has therefore failed to demonstrate service consistent with Rule 4. It is critical that a plaintiff adhere to Local Civil Rule 55(a)'s proof-of-service requirement because the district court otherwise "has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Pelmir has done neither.

### III. CONCLUSION

The Court accordingly DENIES Monster's motion for entry of default without prejudice to renew. Dkt. No. 24. Monster should carefully review the Local Civil Rules, Federal Rules of Civil Procedure, and applicable state and federal law before renewing its motion for entry of

---

[1] A "represented entity" includes a domestic business corporation. *See id.* §§ 23.95.105(2), (6)(a), 23.95.400(2)(a).

[2] The Court emphasizes that, even when one of these conditions is met, a plaintiff may serve a corporate defendant only by registered mail, certified mail, or a "similar commercial delivery service"—not regular U.S. mail, as Monster appears to have done here.

ORDER DENYING MOTION FOR ENTRY OF DEFAULT - 4

default. The Court again reminds Monster that it will not award fees incurred as a result of correcting mistakes. Dkt. No. 21 at 9; Dkt. No. 22 at 14 n.7.

Dated this 13th day of November, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING MOTION FOR ENTRY OF DEFAULT - 5